**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN OWENS,** *Plaintiff* | : | **CIVIL ACTION** |
| v. | : | **NO. 26-CV-5141** |
| **CITY OF PHILADELPHIA, *et al.*,** *Defendants* | : | |

**ORDER**

**AND NOW**, this 24th day of September, 2026 upon consideration of Plaintiff Stephen Owens's Motion to Proceed *In Forma Pauperis* (ECF No. 5), his Prisoner Trust Fund Account Statement (ECF No. 6), and his *pro se* Complaint (ECF No. 1), it is hereby **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **UPDATE** Owens's address to reflect that he is currently incarcerated at the Curran-Fromhold Correctional Facility, 7901 State Rd., Philadelphia, PA 19136.

2. Leave to proceed in forma pauperis is **GRANTED** pursuant to 28 U.S.C. § 1915.

3. Stephen Owens, #896192, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Curran-Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Owens's inmate account; or (b) the average monthly balance in Owens's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Owens's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to

the Clerk of Court equaling 20% of the preceding month's income credited to Owens's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

4. The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of Curran-Fromhold Correctional Facility.

5. The Complaint is **DEEMED** filed.

6. The Clerk of Court is **DIRECTED** to **AMEND** the caption as follows:

   a. Add the Philadelphia Department of Prisons as a Defendant

   b. Delete "Commissioner of Prisons" as a Defendant because this Defendant is duplicative of Defendant Michael R. Resnick

7. The Complaint is **DISMISSED** for the reasons set forth in the accompanying Memorandum as follows:

   a. All class claims and claims raised on behalf of others are **DISMISSED**, without prejudice. The Clerk of Court is **DIRECTED** to **DELETE** "*individually and on behalf of all others similarly situated*" listed under Owens's name.

   b. All claims against the Philadelphia Department of Prisons and official capacity claims against Resnick are **DISMISSED,** with prejudice, and instead construed against the City of Philadelphia. The Clerk of Court is **DIRECTED** to **TERMINATE** the Philadelphia Department of Prisons as a Defendant in this case.

   c. The remaining claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act brought only on behalf of Owens are **DISMISSED,** without prejudice, to Owens filing an amended complaint as to these claims in accordance with this Order.

8. Owens may file an amended complaint within thirty (30) days of the date of this Order, which must be limited to claims raised on his own behalf. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Owens's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Owens should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

9. The Clerk of Court is **DIRECTED** to send Owens a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Owens may use this form to file his amended complaint if he chooses to do so. Because Owens's most recent notice of change of address and the public record conflicts on his current facility placement, out of an abundance of caution, the Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to Owens at the Curran-Fromhold Correctional Facility **AND** to the Philadelphia Industrial Correctional Center, 8301 State Rd., Philadelphia, PA 19136. Owens is reminded that it is his responsibility to notify the Court of an updated address within two weeks of an address change and that failure to do so may result in him not receiving court orders, which could affect his rights. *See* Local Rule 5.1(b).

10. If Owens does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action

number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

11. If Owens fails to file any response to this Order, the Court will conclude that Owens intends to stand on his Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).